IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JALEN D. JONES, | |
| Petitioner, | |
| v. | Case No. 25-CV-00067-SPM |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jalen D. Jones, an inmate incarcerated at Beaumont United States Penitentiary in Texas. (Doc. 1). Jones argues that his conviction for being a felon in possession of a firearm should be vacated because it violates the Second Amendment. (*See id.*, p. 2). The Government filed a Motion to Dismiss Jones's Petition. (Doc. 2). For the following reasons set forth, the Government's Motion to Dismiss is **GRANTED**. Jones's Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On January 21, 2021, the United States filed a one-count Indictment charging the Petitioner with being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). *See United States v. Jones*, No. 21-cr-30015-SPM (S.D. Ill. 2022). Jones pleaded guilty via a plea agreement on October 4, 2021. *See id.* (Doc. 39). On February 28, 2022, this Court sentenced Jones to 71 months' incarceration followed by three years of supervised release. *See id.* (Doc. 55).

Jones originally filed the instant Petition in his criminal case on December 23, 2024. *See id.* (Doc. 77). This Court granted the Government's Motion to Recharacterize Jones's filing as a § 2255 Petition. *See id.* (Docs. 80, 81). Jones's Petition was filed as a separate case on January 16, 2025. (*See* Doc. 1). The Government filed a Motion to Dismiss on February 18, 2025. (*See* Doc. 2).

### APPLICABLE LEGAL STANDARDS

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

Additionally, there is a one-year time period during which a petitioner can submit a § 2255 Petition. *See* 28 U.S.C. § 2255(f). This period runs from the latest of the following: (1) the date when the petitioner's conviction became final, (2) the date on which an impediment to filing the petition created by unlawful/unconstitutional government action is removed, (3) the date the asserted right asserted is "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

## ANALYSIS

In his Petition, Jones argues that the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022) along with an unspecified federal law passed on November 1, 2024 made 18 U.S.C. § 922(g)(1) unconstitutional. (*See* Doc. 1, pp. 1–2). In opposition, the Government argues first that Jones's Petition is untimely in accordance with 28 U.S.C. § 2255. They state that

because Jones did not file a direct appeal, his conviction became final on February 22, 2022 (Doc. 2, p. 2) but that Jones's original motion was filed on December 23, 2024. *See* No. 21-cr-30015-SPM (Doc. 77). They also argue that because Jones knowingly and voluntarily waived his collateral review rights in his plea agreement, his Petition should be dismissed. (*See* Doc. 2, p. 3).

This Court finds that the Government is correct—Jones missed his window to file a § 2255 petition by almost two years. He has provided no evidence that any of the extenuating circumstances listed in § 2255(f) apply in his case. Additionally, even if he had filed his Petition within the appropriate time limit, neither the Seventh Circuit nor the Supreme Court have ruled § 922(g)(1) unconstitutional. This Court need not reach the question of whether Jones's § 2255 Petition is barred by his plea agreement. Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Therefore, Jones's Petition must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss Jalen D. Jones's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 2) is **GRANTED**. Jones's § 2255 Petition is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Jones has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: May 20, 2025**

                                          **/s/ Stephen P. McGlynn**
                                          **STEPHEN P. McGLYNN**
                                          **U.S. District Judge**